UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

ASDRUBAL JOSE ROJAS VERA,

      Petitioner,

  -against-             26-CV-1454

KRISTI NOEM, *in her official capacity as*   **ORDER GRANTING**
*Secretary of the U.S. Department of Homeland*  **PETITION FOR WRIT**
*Security*; TODD LYONS, *in his official capacity as*  **OF HABEAS CORPUS**
*Acting Director of U.S. Immigration and Customs
Enforcement*; KENNETH GENALO, *in his official
capacity as Field Office Director of Enforcement
and Removal Operations of the New York Office of
U.S. Immigration and Customs Enforcement*,
PAMELA BONDI, *in her official capacity as U.S.
Attorney General*; RAUL MALDONADO, JR., *in
his official capacity as Warden of the Metropolitan
Detention Center*,

      Respondents.

------------------------------------------------------------------X

**NINA R. MORRISON**, United States District Judge:

  Petitioner Asdrubal Jose Rojas Vera is presently detained by Respondents at the Metropolitan Detention Center ("MDC") in Brooklyn, New York. He is a Venezuelan national who entered the United States on September 14, 2022, and he was allowed to proceed in the United States with scheduled check-ins with the Department of Homeland Security.

  In his Petition for Writ of Habeas Corpus (the "Petition"), ECF No. 1, through the declaration of his counsel and supporting documentation, Petitioner asserts the

1

following facts. He has continuously resided in the United States since entering in 2022. Petitioner filed an affirmative asylum application on August 5, 2023, citing his membership in a Venezuelan political opposition party and his decision to flee the country after being attacked by armed paramilitary gangs in support of the government; this application is still pending.

During a scheduled check-in with Immigration and Customs Enforcement on November 26, 2025, Petitioner was detained and taken into Respondents' custody, initially at Delaney Hall Detention Facility in Newark, New Jersey. He was transferred to MDC Brooklyn on December 10, 2025. On December 16, 2025, Petitioner was placed into removal proceedings pursuant to 8 U.S.C. § 1229, after having been charged with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i).

Petitioner has neither a criminal history nor a history of incarceration. He asserts that he has experienced severe physical and psychological distress as a result of his immigration detention at MDC Brooklyn. Specifically, Petitioner has allegedly experienced unsanitary and solitary confinement-like conditions, sleep deprivation, medical neglect, and being forced to endure cold winter temperatures indoors without cold weather apparel or blankets. Petitioner avers that he is the primary

breadwinner in his household, and that his partner has been in a state of fear and anxiety since his arrest.

On March 12, 2026, Petitioner filed the Petition alleging that his detention violates his constitutional and statutory rights. On the same day, he also filed a motion for a temporary restraining order ("TRO") and motion for preliminary injunction. ECF No. 2. In both filings, Petitioner seeks, *inter alia*, declaratory relief; entry of an order directing his immediate and unconditional release from detention; and injunctive relief enjoining from Respondents from re-detaining him pending the adjudication of his Petition and his asylum application.

On March 12, 2026, the Court issued an Order, ECF No. 6, directing Respondents to file, by 7:00 PM on March 13, 2026, a submission (1) providing certain information about Petitioner and his circumstances, (2) indicating the statutory provision under which they assert the authority to detain Petitioner, and (3) addressing whether there is any basis to distinguish the asserted grounds for detention from the Court's decision in *Hyppolite v. Noem*, No. 25-CV-4304 (NRM), 2025 WL 2829511 (E.D.N.Y. Oct. 6, 2025), or from any other prior decisions issued by the undersigned in this area of law. The Court further directed that, if Respondents asserted no basis to distinguish this Petition from the Court's analysis in *Hyppolite*

3

or another decision of this Court, the submission could take the form of a letter so stating, and indicating whether Respondents oppose issuance of the writ, subject to preservation of Respondents' arguments for appeal. Finally, the Court's March 12, 2026 Order directed Respondents, in the event they took the position that this case is distinguishable from *Hyppolite*, to respond to the Petition and to show cause as to why it should not be granted on or before March 15, 2026 at 5:00 PM; to further affirm that they have provided the Court with all facts material to Petitioner's claims and Respondents' opposition to those claims; and to attach all exhibits related to those facts.

In their letter response filed on March 13, 2026, at 6:54 PM, ECF No. 7, Respondents have averred that they are presently detaining Petitioner under the mandatory detention provisions of 8 U.S.C. § 1225(b)(2)(A). ECF No. 7 at 2.

Petitioner has alleged, and Respondents do not dispute, that Respondents did not provide him with a pre-detention bond hearing, *see* Petition ¶ 5, ECF No. 1 at 2, which this Court found in *Hyppolite* is required for persons similarly situated to Petitioner.

Accordingly, as it did in *Hyppolite,* the Court finds that Petitioner has established that his detention violates his Fifth Amendment right to procedural due

4

process, because Petitioner has lived in the United States for over three years (*i.e.,* since September 2022) and is therefore entitled to an individualized, pre-detention bond hearing under the Immigration and Nationality Act, 8 U.S.C. § 1226(a). *See Hyppolite*, 2025 WL 2829511, at *12–16; *see also, e.g., Artiga v. Genalo*, No. 25 CV 5208 (OEM), 2025 WL 2829434, at *8 (E.D.N.Y. Oct. 5, 2025); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 498–99 (S.D.N.Y. Aug. 13, 2025); *Rodriguez v. Bostock*, No. 25 CV 05240 (TMC), 2025 WL 2782499, at *16–26 (W.D. Wash. Sep. 30, 2025); *Salcedo Aceros v. Kaiser*, No. 25 CV 06924 (EMC), 2025 WL 2637503, at *6–13 (N.D. Cal. Sep. 12, 2025); *Belsai D.S. v. Bondi*, No. 25 CV 3682, 2025 WL 2802947, at *5 (D. Minn. Oct. 1, 2025) (collecting cases). Similarly, the Court finds that Petitioner has established that the mandatory detention provision of 8 U.S.C. § 1225(b)(2) relied upon by Respondents to justify the legality of Petitioner's detention is inapplicable here, because Petitioner is not "seeking admission" under Section 1225.

The Court hereby incorporates by reference its earlier analysis of these issues in *Hyppolite*, 2025 WL 2829511, at *6–16. Given that neither the Second Circuit nor the United States Supreme Court has yet to address this precise question, the Court adheres to the reasoning of its earlier decision and the near-unanimous conclusion reached by hundreds of other district courts nationwide who have considered the

issue to date. *Cf.* ECF No. 7 at 2 n.4 (citing the decisions of two district courts within the Second Circuit, along with a Fifth Circuit decision, adopting Respondents' analysis).

The Court also finds that Petitioner has established that his detention without a pre-deprivation bond hearing violates his right to procedural due process under the Fifth Amendment to the United States Constitution. *See, e.g., Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020) (noting that "the most significant liberty interest" recognized under the Constitution is "the interest in being free from imprisonment"). The Court has weighed the factors under *Mathews v. Eldridge*, 424 U.S. 319 (1976), which applies when courts in the Second Circuit are called upon to determine "the adequacy of process in the context of civil immigration confinement." *Munoz Materano v. Artera*, No. 25 CV 6137, 2025 WL 2630826, at *12 (S.D.N.Y., Sep. 12, 2025). Having considered (1) the private interest that will be affected by the official action; (2) the risk of erroneous deprivation of that interest through the procedures used; and (3) the government's interest, including the fiscal and administrative burdens that the additional or substitute procedures would entail, *see Mathews*, 424 U.S. at 335, the Court finds that the balance of interests weighs heavily

6

in Petitioner's favor, and that granting the writ is an appropriate remedy for the deprivation of his right to procedural due process.

It is hereby:

**ORDERED**, that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is **GRANTED**. It is further **ORDERED** that Respondents must release Petitioner from custody **no later than 7:00 PM on Saturday, March 14, 2026.**

In light of the fact that Petitioner is presently being held in MDC in Brooklyn, New York, it is further **ORDERED** that **counsel for Respondents shall keep Petitioner's counsel informed regarding the timing, location, and manner of Petitioner's release from custody**, so that counsel may be present or arrange to have a family member or other representative present at the time of Petitioner's release.

Respondents, through counsel, **shall file a letter on the docket no later than 10:00 PM on that same date (Saturday, March 14, 2026),** confirming that Petitioner has been released from custody.

**IT IS FURTHER ORDERED** that Respondents are **ENJOINED** from re-detaining Petitioner without first providing him with notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral magistrate, at which

7

Respondents will bear the burden of showing that his detention is authorized under 8 U.S.C. § 1226(a).

The Court's earlier order scheduling a hearing for March 19, 2026 is hereby vacated in light of the Court's resolution of the merits of the petition. Petitioner's counsel may submit an application for attorney's fees and costs under the Equal Access to Justice Act within the time provided by the Local Rules.

**SO ORDERED.**

Dated: March 14, 2026                         */s/ Nina R. Morrison*
       Brooklyn, New York                Nina R. Morrison
                                               United States District Judge